8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

11  MARQUISE DEANGELO LOFTIS,                Case No.:  16cv2093-AJB (RBB)

12                              Plaintiff,
                                            **REPORT AND**
13  v.                                      **RECOMMENDATION GRANTING**
                                            **IN PART AND DENYING IN PART**
14  S.M. VASQUEZ, Sergeant Correctional     **MOTION TO DISMISS**
    Officer,                                **COMPLAINT [ECF NO. 6]**
15
                                Defendant.
16

17

18          Plaintiff Marquise Deangelo Loftis, a state prisoner proceeding pro se and in forma

19  pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 on August 17, 2016 [ECF Nos.

20  1, 3].  Loftis alleges that Defendant Sergeant Correctional Officer S.M. Vasquez violated

21  his rights under the First, Eighth, and Fourteenth Amendments by placing him in

22  administrative segregation as retaliation for Plaintiff serving Vasquez with a grievance.

23  (Compl. 3, ECF No. 1.)[1]  On February 13, 2017, Defendant filed a "Motion to Dismiss

24  Plaintiff's Complaint" (the "Motion to Dismiss") with a Memorandum of Points and

25  Authorities, a declaration of Janine K. Jeffery, and an exhibit [ECF No. 6].  Loftis

26  submitted an Opposition to the Motion to Dismiss with an accompanying declaration,

27  _____

28  [1]  The Court will cite to documents as paginated on the electronic case filing system.

which was filed nunc pro tunc to March 22, 2017 [ECF No. 9]. On April 3, 2017, Vasquez filed a Reply [ECF No. 10].

The Court has reviewed the Complaint and exhibits, the Motion to Dismiss, the Opposition, and the Reply. For the reasons discussed below, Defendant's Motion to Dismiss [ECF No. 6] should be **GRANTED in part and DENIED in part**.

## I. BACKGROUND

The events that form the basis of Plaintiff's Complaint began on July 11, 2015, while Loftis was incarcerated at Richard J. Donovan Correctional Facility ("Donovan"). (Compl. 1-2, ECF No. 1.)[2] On that date, Plaintiff returned to his cell from the exercise yard to find that items were missing. (Id. at 8-9.) When Loftis asked Vasquez for a cell search receipt, the Defendant allegedly responded, "'I don't have to give you anything.'" (Id. at 9.) Plaintiff left. (Id.) On July 15, 2015, Loftis gave Vasquez a CDCR Form 22, "requesting issuance of a cell search receipt identifying the disposition of the bottle of vitamins defendant Vasquez removed from the cell Plaintiff was assigned." (Id.) Loftis left after serving this document on Defendant, but Vasquez called him back, stating, "'You [forgot] to sign the form, and you likely have safety concerns, didn't you have a fight while I was gone?'" (Id. (alteration in original) (footnote omitted).) Plaintiff signed the form. (Id.) Loftis states that Defendant then "'rammed' Plaintiff's identification card back at Plaintiff with deliberate force." (Id.) Loftis asked whether Vasquez was trying to hurt him, took his identification, and left. (Id.)

Plaintiff then went to the law library, where he was approached by two correctional officers who directed him to be placed in handcuffs. (Id.) Loftis contends that he complied with these orders and was handcuffed and taken to a holding cage. (Id.) At the holding cage, "Plaintiff was informed that defendant Vasquez was ordering Plaintiff placed in administrative segregation on the basis that Plaintiff asserted defendant

---

[2] Plaintiff is currently incarcerated at California State Prison, Los Angeles County. (See Reply 6, ECF No. 10.)

Vasquez intended to hurt Plaintiff when . . . defendant Vasquez, deliberately with physical force thrust the identification into Plaintiff's hand." (Id.)

Loftis was brought to the office of Lieutenant C. Frost, who is not a party to this litigation. (Id. at 10.)[3] There, he was told to make a videotaped statement about what happened with Defendant. (Id.) Plaintiff indicates that in his video statement, he said that Vasquez had been harassing him following an incident that occurred with one of Loftis's prior cellmates. (Id.) He also stated that on July 11, 2015, he returned to find his property scattered around his cell. (Id.) He learned that Defendant searched his cell and took a bottle of vitamins, which was later returned to him. (Id.) In his videotaped statement, Plaintiff included that he had not received a cell search receipt and that he asked Vasquez for one on July 15, 2015, by serving Defendant with a CDCR Form 22. (Id.) Loftis further disclosed his subsequent conversation and interaction with Vasquez, as well as what happened with the two correctional officers who placed him in handcuffs. (Id. at 10-11.)

Based on his statement to Defendant, Frost told Plaintiff that he would be placed in administrative segregation. (Id. at 11.) After being placed there, Facility-A-Captain E. Garza conducted an administrative segregation review. (Id.) Loftis explained to Garza that Defendant Vasquez had been conducting cell searches to harass Plaintiff after a conflict between Defendant and Loftis's former cellmate. (Id.) Plaintiff gave Garza an additional reason why he was improperly placed in administrative segregation:

> Vasquez utilized placing Plaintiff in ad/seg as a means to silence Plaintiff, and make Plaintiff remove the complaint CDCR Form 22 that charged Vasquez of abusing his authority by using cell searches of Plaintiff's assigned cell as a tool for harassment due to Plaintiff's ex-cellmate having filed complaints against Vasquez, which Plaintiff corroborated.

---

[3] Plaintiff states in a footnote that he "seeks leave to amend the complaint to include Lieutenant Frost." (Id. at 11.) Loftis must make this request in a formal motion.

(Id.)  According to Loftis, Garza found no support for Defendant placing Plaintiff in administrative segregation and ordered that he be immediately released into the general prison population.  (Id.)

Loftis contends that Vasquez's placing him in administrative segregation had no legitimate penological objective and was designed to chill Plaintiff from exercising his rights.  (Id. at 12.)  He asserts that Frost allowed Loftis to be placed in administrative segregation even though she knew that Plaintiff had not violated any regulation.  (Id.)  Loftis states that Defendant and Frost knew or should have known that their actions violated Loftis's constitutional rights.  (Id. at 12-13.)

## II.  LEGAL STANDARDS

### A.  <u>Standards Applicable to Pro Se Litigants</u>

Where a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt.  <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is "particularly important in civil rights cases."  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992) (citation omitted).  In giving liberal interpretation to a pro se civil rights complaint, courts "may not supply essential elements of the claim that were not initially pled."  <u>Ivey v. Bd. of Regents of the Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."  <u>Id.</u>; <u>see also</u> <u>Jones v. Cmty. Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983).  "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."  <u>Jones</u>, 733 F.2d at 649 (citation omitted) (internal quotation marks omitted).

Nevertheless, the court must give a pro se litigant leave to amend his complaint "'unless it determines that the pleading could not possibly be cured by the allegation of other facts.'"  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting

4

Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Thus, before a pro se civil rights complaint may be dismissed, the court is required to provide the plaintiff with a statement explaining the complaint's deficiencies.  Karim-Panahi, 839 F.2d at 623-24 (citation omitted).  But where amendment of a pro se litigant's complaint would be futile, denial of leave to amend is appropriate.  See James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

**B.    Motions to Dismiss for Failure to State a Claim**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.  See Davis v. Monroe Cty. Bd. of Educ., 526 U.S. 629, 633 (1999).  A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The court accepts as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and construes the complaint in the light most favorable to the plaintiff.  Cholla Ready Mix v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (citing Karam v. City of Burbank, 352 F.3d 1188, 1192 (9th Cir. 2003)); Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986) (citation omitted).

The court does not look at whether the "plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); see Bell Atlantic Corp., 550 U.S. at 563 n.8.  A dismissal under Rule 12(b)(6) is generally proper only where there "is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).

5

The court need not accept conclusory allegations in the complaint as true; rather, it must "examine whether [they] follow from the description of facts as alleged by the plaintiff." Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); see also Cholla Ready Mix, 382 F.3d at 973 (stating that on a Rule 12(b)(6) motion, a court "'is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged'" (quoting Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994))). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

In addition, when resolving a motion to dismiss for failure to state a claim, courts may not generally consider materials outside of the pleadings. Schneider v. California Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); Jacobellis v. State Farm Fire & Cas. Co., 120 F.3d 171, 172 (9th Cir. 1997); Allarcom Pay Television v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider, 151 F.3d at 1197 n.1. This precludes consideration of "new" allegations that may be raised in a plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6). Id. (citing Harrell v. United States, 13 F.3d 232, 236 (7th Cir. 1993)). "When a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal [i]s proper . . . ." Parks Sch. of Bus., 51 F.3d at 1484 (citing Cooper v. Bell, 628 F.2d 1208, 1210 n.2 (9th Cir. 1980)).

## C.    Stating a Claim Under 42 U.S.C. § 1983

To state a claim under § 1983, the plaintiff must allege facts sufficient to show that (1) a person acting under color of state law committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C.A. § 1983 (West 2012); Shah v. Cty. of Los Angeles, 797 F.2d 743, 746 (9th Cir. 1986).

//

6

# III. DISCUSSION

At the outset, according to the local rules, Loftis's Opposition to the Motion to Dismiss was due on March 1, 2017, and Defendant's Reply was due on March 8, 2017. <u>See</u> S.D. Cal. Civ. R. 7.1(e)(2)-(3). The Opposition, however, was filed nunc pro tunc to the date received, March 22, 2017 [ECF No. 9]. Vasquez's Reply to the Opposition was then filed on April 3, 2017 [ECF No. 10]. As a result, both filings are untimely. Nevertheless, the substance of the Opposition and the Reply do not alter the outcome of this Report and Recommendation. Accordingly, even though these filings are untimely, they are still considered.

Defendant makes three separate arguments in the Motion to Dismiss. The Court addresses each argument below.

## A. Plaintiff's Claim for Damages Against Vasquez in his Official Capacity

First, Defendant asserts that Loftis "is prohibited from suing Vasquez in his official capacity for monetary damages pursuant to the Eleventh Amendment." (Mot. Dismiss Attach. #1 Mem. P. & A. 2, ECF No. 6.) He explains that a judgment against Defendant would be the same as a judgment against the State of California, which has immunity from a money damages award under the Eleventh Amendment. (<u>Id.</u> (citing <u>P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 145-46 (1993).) Vasquez additionally contends that under <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989), Plaintiff "cannot sue state employees in their official capacities for money damages under Section 1983 because states are not 'persons' under Section 1983." (<u>Id.</u> at 2-3.) As a result, Vasquez argues that Loftis's official capacity claims should be dismissed. (<u>Id.</u> at 3.)

Plaintiff responds that Defendant is not entitled to absolute immunity. (Opp'n 2, ECF No. 2.) Loftis explains that he is not suing Vasquez for damages in his official capacity; rather, Defendant is being sued in his official capacity for declaratory relief. (<u>Id.</u> (citing Compl. 16, ECF No. 1).) "State actors are not immune from declaratory

//

[judgment] in their official [capacities]." (Id. (citations omitted).) Plaintiff argues that this portion of the Motion to Dismiss should be denied. (Id.)

In the Reply, Vasquez asserts that "Plaintiff's Official Capacity Claim Must Be Dismissed." (Reply 2, ECF No. 10.) The Defendant contends that Loftis's arguments are incorrect because "1) the alleged wrongful conduct is in the past; 2) Plaintiff is no longer at the institution where the alleged wrongful conduct took place; and 3) declaratory relief is subsumed within plaintiff's claim for damages." (Id.) Vasquez argues that because the alleged wrongful conduct took place in the past, there are no continuing, present adverse effects from this conduct. (Id.) He further asserts that Loftis is no longer housed at Donovan, mooting his claim for declaratory relief. (Id. (citing Hollis v. York, No. 1:09–cv–00463–OWW–SMS, 2011 WL 3740811, at *4 (E.D. Cal. Aug. 24, 2011).) Last, "a claim for damages necessarily includes a determination of whether plaintiff's rights were violated and therefore the request for declaratory relief is subsumed by the damage claims." (Id. (citations omitted).) As a result, he concludes that Loftis's claim for declaratory relief is not cognizable and that the claim against Defendant his official capacity should be dismissed. (Id.)

As a preliminary matter, courts generally do not consider arguments that are raised for the first time in a reply brief. See Antoninetti v. Chipotle Mexican Grill, Inc., Civil No. 05CV1660-J (WMc), 2007 U.S. Dist. LEXIS 62288, at *7-8 (S.D. Cal. Aug. 23, 2007). Vasquez makes three arguments in the Reply as to why Plaintiff's claims against him in his official capacity for declaratory relief should be dismissed. (See Reply 2, ECF No. 10.) These arguments were not raised in the Motion to Dismiss. (See Mot. Dismiss Attach. #1 Mem. P. & A. 1-5, ECF No. 6.) Nor did Defendant make any argument in the Motion to Dismiss that the Court should dismiss Loftis's claims for declaratory relief. (See id.) As a result, the Court does not consider these untimely arguments. See Nguyen v. LVNV Funding, LLC, Case No.: 15cv758-LAB (RBB), 2017 WL 951026, at *7 (S.D. Cal. Mar. 10, 2017) (refusing to consider an argument made for the first time in a reply brief).

16cv2093-AJB (RBB)

The Eleventh Amendment grants the states immunity from private civil suits.  U.S. Const. amend. XI; Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1040 (9th Cir. 2003).  It also provides immunity for state officials sued in their official capacities.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  Will, 491 U.S. at 71 (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)).  "As such, it is no different from a suit against the State itself."  Id. (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 n.55 (1978)). "The proponent of a claim to absolute immunity bears the burden of establishing the justification for such immunity."  Antoine v. Byers & Anderson, 508 U.S. 429, 432 (1993) (footnote omitted).

Plaintiff sues Defendant Vasquez in his individual and official capacities, and Loftis seeks monetary damages.  (Compl. 2, 17, ECF No. 1.)  A claim for damages from Vasquez, personally, is one alleged against the Defendant in his individual capacity.  See Graham, 473 U.S. at 166.  But a claim against him in his official capacity is a claim against the State of California, which is absolutely immune from liability for damages. See Will, 491 U.S. at 71.  Accordingly, Plaintiff's claim for damages against Vasquez in his official capacity should be **DISMISSED** without leave to amend.  See Lopez, 203 F.3d at 1127 (quoting Doe, 58 F.3d at 497).

**B.    Loftis's Eighth Amendment Claim**

Defendant next argues that "Plaintiff cannot pursue an Eighth Amendment claim when he does not have any physical injuries."  (Mot. Dismiss Attach. #1 Mem. P. & A. 2, ECF No. 6.)  Defendant asserts that "administrative segregation does not constitute cruel and unusual punishment."  (Id. at 3 (citing Anderson v. Cty of Kern, 45 F.3d 1310, 1316

//
//
//
//

9

(9th Cir. 1995).)[4]  He further states that Loftis cannot bring his lawsuit for mental or emotional injuries without a showing of physical injury.  (Id. (citations omitted).)  "Plaintiff has alleged nothing more than that he suffered mental and psychological duress.  This is insufficient to support a claim under the Eighth Amendment."  (Id.)

Loftis counters that his Eighth Amendment claim is cognizable.  (Opp'n 2, ECF No. 2.)  He asserts that Vasquez has ignored Plaintiff's Complaint in its entirety.  (Id.)  Loftis contends that Defendant's "assertions are flawed, and based on [an] outdated standard."  (Id. at 2-3.)  Plaintiff explains that the proper standard for his claim under the Eighth Amendment "is whether the defendant acted with malice and ill guided intent, when he assaulted plaintiff and placed him in administrative segregation to cause further harm."  (Id. at 3 (citations omitted).)  Loftis concludes that when his Complaint is viewed in its entirety, he has pleaded a viable Eighth Amendment claim.  (Id.)

Vasquez disputes that the standard he used is outdated, and he contends that Plaintiff has not alleged a physical injury or more than de minimis force.  (Reply 3, ECF No. 10.)  "The only 'force' alleged by plaintiff is that Sgt. Vasquez 'rammed' the identification card into plaintiff's hand which caused Plaintiff to ask 'are you trying to hurt me?'"  (Id.)  Defendant argues that this is de minimis force under the applicable case law.  (Id. at 3-4 (citations omitted).)  "As such, his Eighth Amendment claim should be dismissed."  (Id. at 4.)

//

---

[4]  This argument by Vasquez is conclusory and a misstatement of the law governing the Eighth Amendment.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (noting that under the Eighth Amendment, conditions of confinement "must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment").  To the extent Vasquez is suggesting that, as a matter of law, administrative segregation cannot constitute cruel and unusual punishment in violation of the Eighth Amendment, this is an oversimplification.  Even Anderson acknowledges that the inquiry is fact specific.  "[T]he confinement at issue here does not rise to the level of deliberate indifference."  Anderson, 45 F.3d at 1316.

The Prison Litigation Reform Act ("PLRA") provides the following limitation on damages for mental and emotional distress:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

42 U.S.C.A. § 1997e(e) (West Supp. 2016).

In <u>Oliver v. Keller</u>, the Ninth Circuit clarified "that for all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than <u>de minimis</u>." 289 F.3d 623, 627 (9th Cir. 2002) (footnote omitted). But section 1997e(e) "applies only to claims for mental and emotional injury." <u>Id.</u> at 630. This section "does not prevent a prisoner's recovery 'for compensatory, nominal or punitive damages [that] are premised on alleged [constitutional] violations, and not on emotional or mental distress suffered as a result of those violations[.]'" <u>Knox v. Castaneda</u>, CASE NO. 13cv2985-WQH-RBB, 2017 WL 942717, at *2 (S.D. Cal. Mar. 10, 2017) (alteration in original) (quoting <u>Oliver</u>, 289 F.3d at 630).

Here, Loftis alleges that he suffered "[mental] anguish and psychological duress and physical harm" in violation of the Eighth Amendment. (Compl. 15, ECF No. 1.) He also seeks compensatory and punitive damages. (<u>Id.</u> at 17.) Yet, the Plaintiff has not alleged any significant physical injury. (<u>See id.</u> at 1-17.) At most, he asserts that Vasquez "rammed" Loftis's identification card back at him in an attempt to hurt him. (<u>See id.</u> at 9.) Even though Plaintiff calls this action an "assault," (<u>see</u> Opp'n 4, ECF No. 9 (citations omitted)), this allegation is alone insufficient to show "more than <u>de minimis</u>" physical injury, <u>see Oliver</u>, 289 F.3d at 627 (footnote omitted); <u>see also</u> <u>Hollingsworth v. Thomas</u>, Civil Action No. 13–00480–WS–B, 2014 WL 4187439, at *4-6 (S.D. Ala. Aug. 22, 2014) (finding that two strikes, one on the wrist and one on the fingers, were not more than a de minimis physical injury so as to avoid dismissal under the PLRA). As a result,

Loftis's claim for mental or emotional injury under the Eighth Amendment should be **DISMISSED**. Courts must give a plaintiff leave to amend a pleading unless he could not possibly cure the claim by asserting other facts. Lopez, 203 F.3d at 1127. A plaintiff should not be granted the opportunity to amend when doing so would be futile. Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009). Because it is unclear whether Loftis could amend his pleading to include further facts regarding physical injury in order to state a claim for mental or emotional injury under the PLRA, he should be given leave to amend this claim.

Plaintiff's claims for compensatory and punitive damages, however, are not barred by § 1997e(e). See Knox, 2017 WL 942717, at *2. Nevertheless, the Court finds that Plaintiff has failed to state a cognizable claim under the Eighth Amendment. Prison conditions do not violate the Eighth Amendment unless they amount to "unquestioned and serious deprivations of basic human needs" or of the "minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347; see also Wilson v. Seiter, 501 U.S. 294, 298 (1991) (reiterating the "minimal civilized measure of life's necessities" standard). A prisoner must show defendants acted with deliberate indifference to a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 847 (1994); Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). The Eighth Amendment also prohibits punishments that "'involve the unnecessary and wanton infliction of pain.'" Estelle v. Gamble, 429 U.S. 97, 102-03 (1976). Thus, while conditions of confinement often are restrictive and harsh, they must be consistent with legitimate penological objectives. See Hudson v. Palmer, 468 U.S. 517, 548 (1984). The Eighth Amendment is construed in light of the "evolving standards of decency that mark the progress of a maturing society." Trop v. Dulles, 356 U.S. 86, 101 (1958).

To satisfy the requirements for an Eighth Amendment conditions-of-confinement claim, the prisoner must allege facts sufficient to show that a prison official's acts or omissions deprived him of the "minimal civilized measure of life's necessities" and that the defendant acted or failed to act "in the face of an unjustifiably high risk of harm that

is either known or so obvious that it should be known." <u>Farmer</u>, 511 U.S. at 834, 836 (citations omitted) (internal quotation marks omitted). The prison official is only liable when two requirements are met: one is objective, and the other is subjective. <u>Id.</u> at 834, 838; <u>see</u> <u>Foster v. Runnels</u>, 554 F.3d 807, 812 (9th Cir. 2009). First, the purported violation must be objectively "sufficiently serious." <u>Farmer</u>, 511 U.S. at 834 (citing <u>Wilson</u>, 501 U.S. at 298). Second, the prison official must subjectively "know[] of and disregard[] an excessive risk to inmate health or safety." <u>Id.</u> at 837.

Here, Plaintiff makes no specific allegations regarding the conditions he was subject to in administrative segregation. (<u>See</u> Compl. 1-17, ECF No. 1.) "[P]lacement in administrative segregation, without more, does not constitute a violation of the Eighth Amendment." <u>Player v. Woodford</u>, Civil No. 04CV1761 LAB (WMc), 2006 WL 4395768, at *9 (S.D. Cal. Nov. 8, 2006) (citing <u>Toussaint v. Yockey</u>, 722 F.2d 1490, 1494 n.6 (9th Cir. 1984)), <u>report and recommendation adopted as modified sub nom.</u> <u>Player v. Salas</u>, No. 04cv1761-LAB (WMc), 2007 WL 935100 (S.D. Cal. Mar. 22, 2007). Loftis has not demonstrated how this placement violated the requirements of the Eighth Amendment. As a result, the Motion to Dismiss the remainder of Plaintiff's claim under the Eighth Amendment should be **GRANTED,** and this claim should be **DISMISSED** with leave to amend. <u>See id.</u> (internal citation omitted) ("Plaintiff fails to allege any facts demonstrating that his confinement . . . presented any discomfort above and beyond that typically encountered in administrative segregation. . . . [I]it is recommended that the Court **GRANT** Defendants Salas and Davis' motion to dismiss plaintiff's Eighth Amendment claim as to his placement in administrative segregation.").

**C.   <u>Plaintiff's Fourteenth Amendment Claim</u>**

Last, Vasquez asserts that Loftis's claim under the Fourteenth Amendment must be dismissed. (Mot. Dismiss Attach. #1 Mem. P. & A. 3, ECF No. 6.) Defendant contends that under the applicable case law, "Plaintiff received notice of the charges the day he was placed in administrative segregation and . . . was given the opportunity to address the charges within 'a reasonable time after' he was segregated." (<u>Id.</u> at 3-4.) He indicates

that Loftis was interviewed by Garza and was ordered to be released immediately thereafter.  (Id. at 4 (citing Compl. 11, ECF No. 1).)  Vasquez states that according to records that Plaintiff did not attach to his Complaint, Loftis was released from administrative segregation on July 16, 2017, the day after he was placed there.  (Id. (citations omitted).)  Defendant asks that the Court "consider the two attached missing pages pursuant to Rule 106 of the Federal Rules of Evidence."  (Id.)  But even if the Court does not consider these records, Vasquez explains that the declaration attached to the Complaint from inmate Washington is dated July 20, 2015.  (Id. at 4-5 (citing Compl. Ex. E Decl. Washington, at 41, ECF No. 1).)  "At the very latest, then, Plaintiff was released from administrative segregation within five days.  That, too, is reasonable as a matter of law."  (Id. at 5.)

Loftis responds that his claim under the Fourteenth Amendment is cognizable. (Opp'n 3, ECF No. 9.)  He reiterates the allegations in his Complaint, (id. at 3-4 (citations omitted)), and he states that "the defendant's actions and behaviors were contrary to clearly established law, because clearly established laws proscribed the defendant from placing plaintiff in Ad-Seg for seeking redress of his grievance, and denying plaintiff meaningful review before rehousing him in punitive segregation, violating the Fourteenth Amendment to the U.S. constitution[,]" (id. at 4.)

In the Reply, Vasquez argues that Loftis has not cited any cases to support his argument that he was entitled to a meaningful review before being rehoused into administrative segregation.  (Reply 4, ECF No. 10.)  "Nor can he as this is not the law. The law is clear that so long as an inmate is given a hearing within a reasonable time after placement in administrative segregation, his due process rights are satisfied."  (Id.) Defendant concludes that because Plaintiff does not dispute that he was released from administrative segregation the day after being placed there, the Court should dismiss his due process claim.  (Id.)

It is not clear whether Loftis asserts his Fourteenth Amendment claim as a substantive due process or procedural due process claim. The Court discusses either possibility, below.

### 1. Substantive due process

A plaintiff may not advance a substantive due process claim if "a particular Amendment 'provides an explicit textual source of constitutional protection'" against government misconduct. Albright v. Oliver, 510 U.S. 266, 273 (1994) (Rehnquist, C.J., for plurality) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)). Courts may limit the inquiry to the amendment that more specifically addresses a plaintiff's claim in lieu of general notions of substantive due process. See id. at 286 (Kennedy & Thomas, JJ., concurring) (refraining from evaluating petitioner's due process claim under § 1983 because his allegations could be addressed under the state's malicious prosecution law); Graham, 490 U.S. at 395 n.10 ("Any protection that 'substantive due process' affords convicted prisoners against excessive force is, we have held, at best redundant of that provided by the Eighth Amendment." (citing Whitley v. Albers, 475 U.S. 312, 327 (1986))).

The Constitution protects individuals who exercise their First Amendment rights from deliberate retaliation by government officials. See Vignolo v. Miller, 120 F.3d 1075, 1077-78 (9th Cir. 1997); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Because retaliation by prison officials may chill an inmate's exercise of his First Amendment rights, retaliatory conduct is actionable even if it would not otherwise rise to the level of a constitutional violation. See Thomas v. Evans, 880 F.2d 1235, 1242 (11th Cir. 1989).

Here, Plaintiff alleges that Vasquez violated his rights under the First Amendment by placing him in administrative segregation as retaliation for Plaintiff serving Defendant with a grievance. (Compl. 3, ECF No. 1.) Vasquez admits in the Reply that Loftis has stated a claim under the First Amendment. (Reply 1, ECF No. 10.) Because the First Amendment provides protections for Plaintiff regarding the alleged misconduct by

Defendant, Loftis is precluded from pursuing a substantive due process claim.  See Albright, 510 U.S. at 273 (Rehnquist, C.J., for plurality) (quoting Graham, 490 U.S. at 395).  Accordingly, to the extent Plaintiff asserts a substantive due process claim against Vasquez, this claim should be **DISMISSED** without leave to amend.  See Easter v. CDC, 694 F. Supp. 2d 1177, 1187 (S.D. Cal. 2010) (citations omitted) (finding that a plaintiff's due process claim was preempted by the Eighth Amendment where the plaintiff "attempted to raise a claim under the Eighth and Fourteenth Amendments based on the same conduct . . . . [b]ecause the Eighth Amendment provides an explicit source of protection from the type of conduct Plaintiff alleges[]").

## 2. Procedural due process

"States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-84 (1995) (citing Bd. of Pardons v. Allen, 482 U.S. 369 (1987)).  But the liberty interest protected by statute or regulation is generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.  To plead a procedural due process violation, an inmate must allege that the challenged conduct "present[s] the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."  Id. at 486.

It is not clear from Loftis's Complaint or the attached exhibits how long he was housed in administrative segregation.  Vasquez asks the Court to consider documents attached to the Motion to Dismiss that show that Plaintiff was released the day after he was placed in administrative segregation, (see Mot. Dismiss Attach. #1 Mem. P. & A. 4, ECF No. 6), but the Court need not do so in order to resolve this issue.  Rather, the Court agrees with Defendant that based on the declarations from inmates Washington and Thomas, both dated July 20, 2015, (see Compl. Ex. E Decl. Washington, at 41, ECF No. 1; id. Decl. Thomas, at 42), Loftis spent at most five days in administrative segregation.  "Typically, administrative segregation in and of itself does not implicate a protected liberty interest."  Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003) (citations

omitted); <u>see also</u> <u>Sandin</u>, 515 U.S. at 486 ("We hold that Conner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."). Based on the allegations in his Complaint, Plaintiff has not demonstrated how his short stay in administrative segregation constituted an "atypical and significant hardship in relation to the ordinary incidents of prison life." <u>Richardson v. Runnels</u>, 594 F.3d 666, 672 (9th Cir. 2010) (citations omitted) (allowing fifteen days of administrative segregation).

Consequently, to the extent Loftis alleges a procedural due process claim arising from being placed in administrative segregation, this claim should be **DISMISSED** with leave to amend. <u>See</u> <u>Throop v. Sec'y of Corr.</u>, No. 08CV2109–MMA (CAB), 2010 WL 3418353, at *9 (S.D. Cal. Aug. 27, 2010) ("Plaintiff has not alleged that his confinement in administrative segregation imposes a significant and atypical burden. While he notes general hardships he suffers as a result of his confinement in [the Security Housing Unit], these types of burdens do not give rise to a liberty interest." (citing <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1092 (9th Cir. 1986))).

## IV. CONCLUSION AND RECOMMENDATION

For the reasons discussed above, Vasquez's Motion to Dismiss [ECF No. 6] should be **GRANTED in part and DENIED in part**. The Motion to Dismiss should be **GRANTED** as to Plaintiff's claim for damages against Defendant in his official capacity and this claim should be **DISMISSED** without leave to amend. Loftis's claim for mental or emotional injury under the Eighth Amendment should be **DISMISSED** with leave to amend. Vasquez's Motion to Dismiss as to the remainder of Plaintiff's claim under the Eighth Amendment should be **GRANTED** with leave to amend. To the extent Loftis asserts a substantive due process claim, the Motion to Dismiss should be **GRANTED** as to this claim and it should be **DISMISSED** without leave to amend. Insofar as Plaintiff alleges a procedural due process claim, the Motion to Dismiss should be **GRANTED** as to this claim and it should be **DISMISSED** with leave to amend.

This Report and Recommendation will be submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before July 6, 2017. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before July 20, 2017.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991)

IT IS SO ORDERED.

DATED: June 8, 2017

Hon. Ruben B. Brooks
United States Magistrate Judge

cc:   Judge Battaglia
       All Parties of Record